15-0445-cr
United States v. Medina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of March, two thousand sixteen.

Present:  ROSEMARY S. POOLER,
 RICHARD C. WESLEY,
  *Circuit Judges*.
 JANET C. HALL,[1]
  *Chief District Judge*.

UNITED STATES OF AMERICA,

 *Appellee*,

 v. 15-0445-cr

ROBERT MEDINA, AKA POPE,

 *Defendant-Appellant*,

GEROD JACKSON, AKA PUSH, RUBEN ESTRADA, AKA MAFIA, JOHN JONES, AKA DOE, AKA DOUGHBOY,

 *Defendants*.

Appearing for Appellant:  Mark D. Taticchi (David M. Rody and Michael D. Mann, *on the brief*), Sidley Austin LLP, New York, NY.

---

[1] The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

Appearing for Appellee:	Christopher DiMase, Assistant United States Attorney (Margaret Garnett and Frank Balsamello, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Robert Medina appeals from the February 3, 2015 judgment of conviction entered in the United States District Court for the Southern District of New York (Gardephe, *J.*). The district court sentenced Medina principally to 133 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Medina argues that his conviction on Count Two must be reversed because, in his view, "18 U.S.C. § 924 authorizes only a single Section 924 charge for each narcotics predicate." Appellant's Br. at 11. Medina also argues that his sentence on Count One violates due process and the Sixth Amendment.

**I. Medina's Challenge to His Conviction on Count Two**

In *United States v. Lindsay*, 985 F.2d 666 (2d Cir. 1993), we held that "a defendant who uses multiple firearms in relation to a single drug-trafficking crime may be charged with only one violation of § 924(c)(1)." *Id.* at 676. In reaching this conclusion, we noted that Congress considered the appropriate "unit of prosecution" under Section 924(c)(1) to be "the underlying drug-trafficking offense, not the separate firearms." *Id.* at 674. In the district court, Medina relied on *Lindsay* to argue that Count Two must be dismissed because Count Two and Count Four each charged a separate Section 924 offense in relation to a single drug-trafficking crime.

The district court denied the motion to dismiss as premature, reasoning that Medina's challenge sounded in double jeopardy and that the Double Jeopardy Clause barred only multiple *punishments* for the same offense, not multiple charges. *United States v. Medina*, No. S3 13 CR 272 PGG, 2014 WL 3057917, at *5 (S.D.N.Y. July 7, 2014). The district court rejected Medina's argument that *Lindsay* provided a separate, statutory basis for challenging the indictment on "unit of prosecution" grounds. *Id.* The court held that "the 'unit of prosecution' inquiry is part of the analysis as to whether a double jeopardy violation has occurred." *Id.*

On appeal, Medina argues that the district court committed reversible error in failing to dismiss Count Two. The government disagrees with Medina on the merits, but also argues that we may affirm on the alternative ground that Medina cannot demonstrate prejudice because he was convicted of only one Section 924 offense, and, as noted, the Double Jeopardy Clause bars only multiple *punishments* for the same offense. The government agrees with the district court

that Medina's challenge sounds only in double jeopardy and that *Lindsay* provides no separate, statutory basis for challenging an indictment on "unit of prosecution" grounds.

It is true that the unit of prosecution inquiry is *often* part of the analysis as to whether a double jeopardy violation has occurred. *See, e.g.*, *United States v. Polouizzi*, 564 F.3d 142, 154-57 (2d Cir. 2009); *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004). But other courts have used the inquiry to answer what appears to be a separate, statutory question. *See, e.g.*, *United States v. Cureton*, 739 F.3d 1032, 1040 (7th Cir. 2014) ("The absence of a Double Jeopardy problem does not end the inquiry, however. The issue here is one of statutory interpretation . . . so the question we focus on is whether a defendant may receive multiple 18 U.S.C. § 924(c) convictions for a single firearm use when the predicate offenses are also committed simultaneously and without any distinction in conduct. . . . So-called 'unit of prosecution' questions have long arisen before the courts.") Indeed, in *Lindsay* itself, we engaged in the unit of prosecution inquiry without reference to the Double Jeopardy Clause. *See* 985 F.2d at 672-76. Thus, the district court may have erred in concluding that *Lindsay* provides no statutory basis for a challenge to the indictment, separate and apart from the double jeopardy analysis.

We need not conclusively decide this issue, however, because, even assuming that Medina could bring a "statutory" unit of prosecution challenge, he would not be entitled to relief. Any error from the district court's conclusion was harmless, because Medina was convicted of only one Section 924 charge. Unlike the defendant in *Lindsay*, Medina was not charged with multiple Section 924(c) offenses; he was charged with one Section 924(c) offense and one Section 924(j) offense. Much of the *Lindsay* court's reasoning applies only to defendants charged with multiple Section 924(c) offenses. *See, e.g.*, 985 F.2d at 673 (expressing a concern that multiple Section 924(c) charges could "expose defendants to enhanced penalties that congress may never have contemplated"). However, even assuming that the *Lindsay* court's reasoning extends to a case, like Medina's, that involves the charging and prosecution of one Section 924(c) violation and one Section 924(j) violation, *Lindsay* does not support Medina's contention that the district court erred in refusing to dismiss the Section 924(c) count before trial. In *Lindsay*, as in other cases in this Circuit, the remedy afforded by the court makes clear that the potential problem with multiple Section 924(c) counts is the possibility of multiple convictions and corresponding, draconian punishments "that congress may never have contemplated." *Lindsay*, 985 F.2d at 673; *see also United States v. Wallace*, 447 F.3d 184, 190 (2d Cir. 2006); *United States v. Finley*, 245 F.3d 199, 207-08 (2d Cir. 2001). Those concerns are absent in a case, like Medina's, in which the defendant is convicted of a single Section 924 violation. Because Medina was convicted of only one violation of Section 924, any error in the district court's decision was harmless.

## II. Medina's Challenge to His Sentence

Medina argues that his 57-month sentence for conspiring to distribute a small quantity of marijuana violates the Sixth Amendment's jury-trial guarantee and the Fifth Amendment's Due Process Clause.

Medina contends that his sentence violates his right to a jury trial because it could not survive reasonableness review absent the district court's determination that Medina conspired to

3

distribute crack cocaine. In a dissent from the denial of certiorari in *Jones v. United States*, 135 S. Ct. 8 (2014), three Justices endorsed the view that "any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury." *Id.* at 8 (Scalia, *J.*, joined by Thomas & Ginsburg, *JJ.*, dissenting from the denial of certiorari); *see also United States v. Bell*, 808 F.3d 926, 929 (D.C. Cir. 2015) (Millett, *J.*, concurring in the denial of rehearing en banc) ("I agree with Justices Scalia, Thomas, and Ginsburg . . . that the circuit case law's incursion on the Sixth Amendment 'has gone on long enough[.]'" (quoting *Jones*, 135 S. Ct. at 9)). But we agree with our sister circuits that "[w]hatever the merits of [this view], it is not the law." *United States v. Jones*, 744 F.3d 1362, 1369 (D.C. Cir. 2014), *cert. denied*, 135 S. Ct. 8 (2014). To the contrary, our precedents establish the principle that a district court may consider "'facts relevant to sentencing by a preponderance of the evidence' . . . so long as those facts do not increase the maximum *statutory* punishment to which a defendant is exposed." *United States v. Martinez*, 525 F.3d 211, 215 (2d Cir. 2008) (emphasis added) (quoting *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005)). We join every circuit that has considered this argument and reject it as inconsistent with this principle. *See Jones*, 744 F.3d at 1369; *see also United States v. Norman*, 465 F. App'x 110, 120-21 (3d Cir. 2012) (collecting cases).

Medina also argues that his sentence violates the due process and jury-trial guarantees of the Fifth and Sixth Amendments because the district court relied on acquitted conduct at sentencing. But, as Medina acknowledges, this Court has, on a number of occasions, upheld the legality of acquitted-conduct sentencing. *See, e.g.*, *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005). We are bound by this precedent. Accordingly, we must reject Medina's argument that his sentence is unconstitutional because the district court relied on acquitted conduct.

\* \* \*

We have considered the remainder of Medina's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk